**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4712**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GERALD THOMAS EVANS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Terrence W. Boyle, District Judge.  (5:05-cr-00249-BO)

Submitted: April 29, 2009          Decided:  June 5, 2009

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter H. Paramore, III, WALTER H. PARAMORE, III, P.C., Jacksonville, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Banumathi Rangarajan, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Thomas Evans pled guilty pursuant to a written plea agreement to possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). The court sentenced Evans to 180 months in prison, and Evans timely appealed. Evans' attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court erred in finding that Evans was an armed career criminal pursuant to 18 U.S.C. § 924(e) (2006). Evans raised the same arguments in his pro se supplemental brief. The Government filed a brief urging affirmance. Finding no reversible error, we affirm.

Evans contends that the district court erred when it found by a preponderance of the evidence that he had at least three previous convictions for violent offenses and was thus subject to enhanced penalties as an armed career criminal pursuant to 18 U.S.C. § 924(e). The presentence investigation report identified six predicate offenses. Evans initially objected to reliance on four of these convictions, but abandoned his objections to two of them at the sentencing hearing. As to the remaining two convictions, both for breaking and entering, Evans asserts on appeal that the district court's conclusion

that they qualified as predicate offenses under § 924(e) was flawed.

We need not resolve Evans' challenge to the district court's reliance on the two breaking and entering convictions. Even if these convictions are excluded from consideration, the four remaining convictions identified in the presentence report were sufficient to support the finding that Evans qualified as an armed career criminal. Thus, the district court did not err in sentencing Evans to the statutory mandatory minimum term of 180 months imprisonment.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Evans' conviction and sentence. This court requires that counsel inform Evans, in writing, of the right to petition the Supreme Court of the United States for further review. If Evans requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Evans.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

AFFIRMED